UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

HOWARD COHAN,

    Plaintiff,

vs.                               INJUNCTIVE RELIEF SOUGHT

1701 COLLINS (MIAMI) OPERATING COMPANY, LLC d/b/a
SLS HOTEL SOUTH BEACH, and
1701 COLLINS (MIAMI) OWNER, LLC d/b/a
SLS HOTEL SOUTH BEACH,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues 1701 COLLINS (MIAMI) OPERATING COMPANY, LLC d/b/a SLS HOTEL SOUTH BEACH and 1701 COLLINS (MIAMI) OWNER, LLC, d/b/a SLS HOTEL SOUTH BEACH, ("Defendant"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1. This is a complaint for violations of the ADA and breach of contract and injunctive relief seeking enforcement of the Settlement Agreement and release (copy attached as Exhibit A) reached in the case of Howard Cohan v. 1701 Collins (Miami) Operating Company, LLC, Case No. 1:14-cv-21786-DPG (S.D. Fla. 2014) (dismissed by order upon settlement) which arose out of Plaintiff's claim of discrimination caused by certain barriers encountered by Plaintiff on

Defendant's property that prevented Plaintiff from the full and equal enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act.

2.      This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

3.      Venue is proper in this Court, Southern Division, pursuant to 28 U.S.C. § 1391(B) and Internal Operating Procedures for the United States District Court For the Southern District of Florida in that all events giving rise to the lawsuit occurred in Miami-Dade County, Florida.

## **PARTIES**

4.      Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

5.      Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Real Property, which is subject to this suit, and is located at 1701 Collins Avenue, Miami Beach, FL 33139 ("Premises"), and is the owner of the improvements where Premises is located.

6.      Defendant is authorized to conduct, and is in fact conducting, business within the state of Florida.

7.      Plaintiff is an individual with numerous disabilities including severe spinal stenosis in the lumbar spine with spondylolisthesis and severe spinal stenosis in the cervical spine with nerve root compromise on the rights side, a non-union fracture of the left acromion (shoulder), a left labral tear, a full thickness right rotor cuff tear, a right medial meniscal tear, and a repaired left ACL tear. As such, Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq.*

8. On May 13, 2014, Plaintiff visited Defendant's Premises. At the time of Plaintiff's visit to the Premises on May 13, 2014, Plaintiff required an accessible means of entry to the pool/Jacuzzi. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

9. Defendant's Premises is a public accommodation as defined by Title II of the ADA and as such is governed by the ADA.

10. On or about May 15, 2014, Plaintiff filed a lawsuit against Defendant seeking to force Defendant to comply with the ADA and applicable regulations thereto. See Howard Cohan v. 1701 Collins (Miami) Operating Company, LLC, Case No. 1:14-cv-21786-DPG (S.D. Fla. 2014).

11. On or about November 18, 2014, Plaintiff's suit was dismissed upon stipulation and notice to the U.S. District Court that the parties had settled.

12. In connection with said dismissal, Plaintiff and Defendant entered into a Settlement Agreement and Release (Exhibit A) on November 6, 2014.

13. The Settlement Agreement and Release required Defendant to complete all modifications to the Premises by May 6, 2015.

14. Defendant has failed to commence the required modification(s) to the Premises as required by the ADA and the Settlement Agreement and Release and Defendant has failed to give notice of any reasons or documentation for non-compliance.

15. Plaintiff again personally visited Defendant's Premises on December 5, 2015, April 12, 2016, and July 26, 2016 (and prior to instituting this action).

16. Specifically, on December 5, 2016, April 12, 2016, and July 26, 2016, plaintiff required an accessible means of entry to the pool/Jacuzzi as well use of fully accessible restrooms, fully accessible service and eating areas, and unimpeded access to the facility and all elements therein. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though was "bona fide patron". True and correct copies of Plaintiff's Purchase receipts are attached hereto as Exhibit "B".

17. Plaintiff, in his individual capacity, has shown that he will absolutely return to the Premises and avail himself of the services offered when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

18. Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

19. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

20. Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

21. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public

accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

22.   Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

23.   Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 22 above as if fully stated herein.

24.   On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from

enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

25. Congress found, among other things, that:

   a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts

the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3),(5) and (9).

26. Congress explicitly stated that the purpose of the ADA was to:

   a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

   b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

27. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith.

28. Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Plaintiff has visited Premises, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

30. Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

31. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Officer of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

32. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

**Main Pool and Secondary Pool:**

a. Failure to provide a means of entry for persons with disability, such as pool lift chair, sloped entry, transfer wall, or transfer platform, pursuant to 2010 ADAAG §§ 242.1, 1009.

**Entry to Bar Near Main Pool**

a. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches pursuant to 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303, 403.3 and/or §4.8.5 of the 1991 ADA Standards 4.3.8.

**Main Bar**

    a. Failure to provide accessible seating for a disabled person(s) at a bar or adjacent table in the bar area, a recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center pursuant to 2010 ADAAG §§ 902, 902.1, 902.3, 4.32.4.

**Restrooms Near Pool**

    a. Providing sinks and/or countertops greater than 34 inches high or providing the same without clear space underneath to allow for knee or toe clearance pursuant to 2010 ADAAG §§ 305, 306, 606, 606.2, 606.3.

    b. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor pursuant to 2010 ADAAG §§ 603, 603.3.

    c. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space pursuant to 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1.

    d. Failure to provide the water closet in the proper position relative to the side wall or partition pursuant to 2010 ADAAG §§ 604, 604.2.

**Bars Near Katsuya**

    a. Providing counter heights exceeding 36 inches making it impossible to service a disabled person pursuant to 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2.

    b. Failure to provide accessible seating for a disabled person(s) at a bar or adjacent table in the bar area, a recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center pursuant to 2010 ADAAG §§ 902, 902.1, 902.3, 4.32.4.

    c. Failure to provide seating for a disabled person(s) that has the correct clear floor space for a forward approach pursuant to 2010 ADAAG §§ 902, 902.1, 902.2, 305, 306.

**Restroom for Restaurants on Level B**

    a. Providing a gate or door with a continuous opening pressure of greater than 5lbs exceeding the limits for a disabled person pursuant to 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9, 309.4.

    b. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space pursuant to 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1.

    c. Failure to provide grab bar(s) pursuant to 2010 ADAAG §§ 604, 604.5, 609, 609.4.

    d. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor pursuant to 2010 ADAAG §§ 604, 604.7 and 309.4.

    e. Failure to provide a coat hook within the proper reach ranges for a disabled person pursuant to 2010 ADAAG §§ 603, 603.4 and 308.

    f. Failure to provide the water closet in the proper position relative to the side wall or partition pursuant to 2010 ADAAG §§ 604, 604.2.

    g. Failure to provide the water closet seat at correct height above the finished floor pursuant to 2010 ADAAG §§ 604 and 604.4.

    h. Failure to provide proper knee clearance for a disabled person under a counter or sink element pursuant to 2010 ADAAG §§ 306, 306.1, 306.3.

      i. Failure to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals any combination pursuant to 2010 §§ ADAAG 213, 213.3 and 203.3.1.

**Bazaar Lounge**

      a. Providing counter heights exceeding 36 inches making it impossible to service a disabled person pursuant to 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2.

      b. Failure to provide accessible seating for a disabled person(s) at a bar or adjacent table in the bar area, a recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center pursuant to 2010 ADAAG §§ 902, 902.1, 902.3, 4.32.4.

      c. Failure to provide seating for a disabled person(s) that has the correct clear floor space for a forward approach pursuant to 2010 ADAAG §§ 902, 902.1, 902.2, 305, 306.

33. To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 32 herein.

34. Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

35. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

36. As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied

prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

37. To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

38. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. § 12205.

39. All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

40. In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 18 herein can be applied to the 1991 ADAAG standards.

41. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declares that Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. That this Court enter an Order requiring Defendant to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to Premises;

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

5. That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
## BREACH OF CONTRACT

39. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 22 above as if fully stated herein.

40. On or about November 6, 2014, Plaintiff and Defendant entered into a Settlement Agreement and Release. [Exhibit A] Through this settlement agreement, Defendant agreed to make modifications to Defendant's Premises as outlined in the agreement. The Settlement Agreement and Release required Defendant to complete all modifications to the Premises by May 6, 2015.

41. Plaintiff has performed all conditions precedent to be performed by him under the Agreement.

42. Since May 6, 2015, Defendant has failed to complete the modifications promised in the settlement agreement. Specifically, Defendant has failed to provide an accessible means of entry to the pool/Jacuzzi.

43. Plaintiff has been damaged by the defendant's breach of the settlement agreement. Specifically, Plaintiff has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declares that Defendant has failed to comply the Settlement Agreement and Release;

2. That this Court enter an Order requiring Defendant to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff and as provided in the Settlement Agreement and Release; and,

4. That this Court award such other and further relief as it may deem necessary, just and proper.

Dated this 21st day of December, 2016.

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
**KAPLAN SCONZO & PARKER, P.A.**
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919
**Email:** gsconzo@ksplaw.com
**Secondary Email:** jwise@ksplaw.com